The Honorable Peter C. McKittrick

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| In re: | |
|---|---|
| Laurie Lynne Sloggett | Case No. 18-30865-pcm7 |
| Debtor. | Adv. Proc. No. _____ |
| Jeffrey S. Mutnick, P.C. | COMPLAINT: OBJECTING TO DISCHARGEABILITY OF CERTAIN DEBT (11 USC § 523(a)(2), (4), (6)) |
| Plaintiff/Creditor, | |
| v. | |
| Laurie Lynne Sloggett | |
| Defendant/Debtor. | |

Plaintiff alleges:

1.

On March 14, 2018, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

///

Adversary Complaint
Page - 1

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, OR 97213
Tel: 503-548-6330
Fax 503-548-6333

Case 18-03061-pcm    Doc 1    Filed 06/18/18

2.

This Court has subject matter jurisdiction over this adversary proceeding under 28 USC § 157(a), (b); and 28 USC § 1334.

3.

This is a core proceeding within the meaning of 28 USC § 157(b)(2)(I) & (J).

4.

Venue is proper before this Court pursuant to 28 USC § 1409(a).

**FACTUAL SUMMARY**

5.

At all material times, Plaintiff was a duly organized corporation registered to do business in the state of Oregon, with a Registered Agent in Multnomah County.

6.

At all material times, Defendant Laurie L. Sloggett was and is a resident of Washington County, in the state of Oregon.

7.

On or about November, 2007, Plaintiff employed Defendant, Laurie L. Sloggett, as a "claims filer" and clerk. Ms. Sloggett signed an Employment Agreement. The Employment Agreement required Ms. Sloggett to work specified days and hours. The Employment Agreement required Ms. Sloggett to sign a Non-Disclosure Agreement and to adhere to the policies set forth in the Employment Agreement and employee handbook. The employee handbook prohibited overtime without advance written permission.

Adversary Complaint
Page - 2

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, OR 97213
Tel: 503-548-6330
Fax 503-548-6333

Case 18-03061-pcm    Doc 1    Filed 06/18/18

8.

Beginning in 2008, Defendant Sloggett maintained erratic hours and took excessive "leave."

9.

On or about December 9, 2009, Plaintiff retained the services of Defendants Bennett/Porter & Associates, Inc., and Dena Singer, as a "Quick Books Specialist", to provide services including financial oversight, organize Quick Books, prepare reports, and provide information regarding the financial matters of the Plaintiff.

10.

In approximately 2010, Defendant Sloggett claimed substantial compensation representing that she was on grand jury duty when she was either not on grand jury duty or was not required to attend.

11.

In approximately 2012, Defendant Sloggett assumed responsibility for transmitting time sheets to Paychex, a payroll service retained by Plaintiff. Between 2012 and 2014, Defendant Sloggett prepared time sheets in pencil, altered time sheets and forged signatures in order to secure unauthorized overtime, personal time off, and increased hourly compensation, without authorization. Between 2012 and 2014 Defendant Sloggett submitted claims to the Flexible Spending Account ("FSA") account established by Paychex which were fraudulent.

12.

Between approximately 2012 and approximately 2014, Defendant Sloggett established accounts, such as Amazon, for which she used the Plaintiff's funds to secure personal items. She also used petty cash and other firm funds for her personal use. In 2014, Defendant Sloggett used the firm credit card without authorization, and charged personal items on the firm's American Express credit card.

Adversary Complaint
Page - 3

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, OR 97213
Tel: 503-548-6330
Fax 503-548-6333

Case 18-03061-pcm    Doc 1    Filed 06/18/18

13.

During 2013, Defendant Sloggett took a position with the firm of Bergman, Draper & Ladenburg while still employed by Plaintiff. Defendant Sloggett represented to Plaintiff that she had rejected the position and then misrepresented her husband's health status and Bergman, Draper & Ladenburg in order to obtain compensation from both Plaintiff and the firm of Bergman, Draper & Ladenburg.

14.

Defendant Sloggett represented to Plaintiff's payroll company that she was an "accountant" at an hourly rate significantly greater than her regular approved hourly rate.

**FIRST CLAIM FOR RELIEF**
**(11 U.S.C. § 523(a)(2)(A) & (B) -Fraud)**

15.

Plaintiff realleges Paragraphs 1 through 14 as though fully set forth herein.

16.

Defendant Sloggett made the fraudulent misrepresentations set forth below with the intent that the Plaintiff rely upon those fraudulent misrepresentations. Defendant Sloggett made the following representations which she knew to be false, or that Plaintiff was ignorant to the truth, and were material to the Plaintiff's actions, and intended that the Plaintiff was unaware of the falsity of the statements and were reasonably contemplated that the Plaintiff would act upon the misrepresentation which was the Plaintiff's right under the circumstances to the Plaintiff's subsequent damage.

    a) Misrepresenting overtime and PTO to which Ms. Sloggett was not entitled;

    b) Preparing time records in pencil and altering those records;

    c) Representing that she had authority to use Plaintiff's American Express card when she

Adversary Complaint
Page - 4

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, OR 97213
Tel: 503-548-6330
Fax 503-548-6333

Case 18-03061-pcm    Doc 1    Filed 06/18/18

did not;

d) Representing that she had authority to remove funds from Plaintiff's petty cash, without prior authorization, for her own benefit, which she did not;

e) Representing that she had rejected employment with Bergman, Draper & Ladenburg, when she had not;

f) Preparing and obtaining compensation for a period during which she was employed by both Bergman, Draper & Ladenburg and Plaintiff;

g) Representing that she was sick and entitled to PTO when she was not;

h) Presenting forged documents from her family physician to secure PTO;

i) Representing that her husband had a heart attack in order to take time off during part of which she took simultaneous employment with Bergman, Draper & Ladenburg;

j) Misrepresenting her husband's health condition and claiming that he had peritonitis in order to secure personal time off;

k) Forging authorizations for overtime and PTO;

l) Establishing an Amazon account in her own name, using the Plaintiff's credit card when she did not have authority to do so;

m) Making representations to Plaintiff's FSA administrator to secure compensation for "medical care" to which she was not entitled;

n) Misrepresenting the nature of the payroll change to Intuit to change her pay rate and alter records;

o) Misrepresenting the nature of the Intuit services that Plaintiff then purchased, which allowed Ms. Sloggett to change her rate of pay when she was not authorized to do so.

Adversary Complaint
Page - 5

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, OR 97213
Tel: 503-548-6330
Fax 503-548-6333

Case 18-03061-pcm    Doc 1    Filed 06/18/18

p) Representing that she would maintain the confidences and secrets of Plaintiff, and then disclosing confidential information about the firm to third parties.

17.

As a result of Defendant Sloggett's fraudulent misrepresentations upon which she intended Plaintiff rely, Plaintiff sustained loss in an amount to be proven at trial, but not to exceed $250,000.

18.

Defendant Sloggett's actions violate 11 USC § 523(a)(2)(A), (B) because her monetary debt to Plaintiff was obtained by false pretenses, false representations or actual fraud.

19.

Defendant Sloggett's debt to Plaintiff is exempt from discharge pursuant to 11 USC § 523(a)(2)(A).

20.

Defendant Sloggett's actions, as set forth above, were done with malice or a reckless indifference to the harm it caused to Plaintiff, and, as such, an award of $500,000 in punitive damages is warranted.

**SECOND CLAIM FOR RELIEF**
**(11 U.S.C. § 523(a)(4) -Fraud or Defalcation by Fiduciary, or embezzlement)**

21.

Plaintiff realleges Paragraphs 1 through 14 as though fully set forth herein.

22.

Defendant Sloggett held a special position of trust and confidence with Plaintiff.

///

///

Adversary Complaint
Page - 6

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, OR 97213
Tel: 503-548-6330
Fax 503-548-6333

Case 18-03061-pcm    Doc 1    Filed 06/18/18

23.

Defendant Sloggett, while in a position of trust and confidence with Plaintiff, made the misrepresentations set forth below with the intent that the Plaintiff rely upon those fraudulent misrepresentations. Defendant Sloggett made the following representations which she knew to be false, or that Plaintiff was ignorant to the truth, and were material to the Plaintiff's actions, and intended that the Plaintiff was unaware of the falsity of the statements and were reasonably contemplated that the Plaintiff would act upon the misrepresentation which was the Plaintiff's right under the circumstances to the Plaintiff's subsequent damage.

a)  Misrepresenting overtime and PTO to which Ms. Sloggett was not entitled;

b)  Preparing time records in pencil and altering those records;

c)  Representing that she had authority to use Plaintiff's American Express card when she did not;

d)  Representing that she had authority to remove funds from Plaintiff's petty cash, without prior authorization, for her own benefit, which she did not;

e)  Representing that she had rejected employment with Bergman, Draper & Ladenburg, when she had not;

f)  Preparing and obtaining compensation for a period during which she was employed by both Bergman, Draper & Ladenburg and Plaintiff;

g)  Representing that she was sick and entitled to PTO when she was not;

h)  Presenting forged documents from her family physician to secure PTO;

i)  Representing that her husband had a heart attack in order to take time off during part of which she took simultaneous employment with Bergman, Draper & Ladenburg;

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, OR 97213
Tel: 503-548-6330
Fax 503-548-6333

j)  Misrepresenting her husband's health condition and claiming that he had peritonitis in order to secure personal time off;

k)  Forging authorizations for overtime and PTO;

l)  Establishing an Amazon account in her own name, using the Plaintiff's credit card when she did not have authority to do so;

m)  Making representations to Plaintiff's FSA administrator to secure compensation for "medical care" to which she was not entitled;

n)  Misrepresenting the nature of the payroll change to Intuit to change her pay rate and alter records;

o)  Misrepresenting the nature of the Intuit services that Plaintiff then purchased, which allowed Ms. Sloggett to change her rate of pay when she was not authorized to do so.

p)  Representing that she would maintain the confidences and secrets of Plaintiff, and then disclosing confidential information about the firm to third parties.

24.

As a result of Defendant Sloggett's misrepresentations upon which she intended Plaintiff rely, Plaintiff sustained loss in an amount to be proven at trial, but not to exceed $250,000.

25.

Defendant Sloggett's actions set forth in paragraph 23 above constitute fraud or defalcation while acting in a fiduciary capacity with Plaintiff, in violation of 11 U.S.C. § 523(a)(4).

26.

Defendant Sloggett's actions set forth in paragraph 23 above constitute embezzlement, in violation of 11 U.S.C. § 523(a)(4).

Adversary Complaint
Page - 8

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, OR 97213
Tel: 503-548-6330
Fax 503-548-6333

Case 18-03061-pcm    Doc 1    Filed 06/18/18

27.

Defendant Sloggett's debt to Plaintiff is exempt from discharge pursuant to 11 USC § 523(a)(4).

28.

Defendant Sloggett's actions, as set forth above, were done with malice or a reckless indifference to the harm it caused to Plaintiff, and, as such, an award of $500,000 in punitive damages is warranted.

**THIRD CLAIM FOR RELIEF**
**(11 U.S.C. § 523(a)(6) – willful and malicious injury to Plaintiff)**

29.

Plaintiff realleges Paragraphs 1 through 14 as though fully set forth herein.

30.

Defendant Sloggett made the misrepresentations set forth below with the intent that the Plaintiff rely upon those fraudulent misrepresentations. Defendant Sloggett made the following representations which she knew to be false, or that Plaintiff was ignorant to the truth, and were material to the Plaintiff's actions, and intended that the Plaintiff was unaware of the falsity of the statements and were reasonably contemplated that the Plaintiff would act upon the misrepresentation which was the Plaintiff's right under the circumstances to the Plaintiff's subsequent damage.

a) Misrepresenting overtime and PTO to which Ms. Sloggett was not entitled;

b) Preparing time records in pencil and altering those records;

c) Representing that she had authority to use Plaintiff's American Express card when she did not;

d) Representing that she had authority to remove funds from Plaintiff's petty cash, without prior authorization, for her own benefit, which she did not;

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, OR 97213
Tel: 503-548-6330
Fax 503-548-6333

e) Representing that she had rejected employment with Bergman, Draper & Ladenburg, when she had not;

f) Preparing and obtaining compensation for a period during which she was employed by both Bergman, Draper & Ladenburg and Plaintiff;

g) Representing that she was sick and entitled to PTO when she was not;

h) Presenting forged documents from her family physician to secure PTO;

i) Representing that her husband had a heart attack in order to take time off during part of which she took simultaneous employment with Bergman, Draper & Ladenburg;

j) Misrepresenting her husband's health condition and claiming that he had peritonitis in order to secure personal time off;

k) Forging authorizations for overtime and PTO;

l) Establishing an Amazon account in her own name, using the Plaintiff's credit card when she did not have authority to do so;

m) Making representations to Plaintiff's FSA administrator to secure compensation for "medical care" to which she was not entitled;

n) Misrepresenting the nature of the payroll change to Intuit to change her pay rate and alter records;

o) Misrepresenting the nature of the Intuit services that Plaintiff then purchased, which allowed Ms. Sloggett to change her rate of pay when she was not authorized to do so.

p) Representing that she would maintain the confidences and secrets of Plaintiff, and then disclosing confidential information about the firm to third parties.

///

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, OR 97213
Tel: 503-548-6330
Fax 503-548-6333

31.

Defendant Sloggett's actinos set forth in paragraph 28 above were done willfully, and with malicious intent.

32.

As a result of Defendant Sloggett's misrepresentations upon which she intended Plaintiff rely, Plaintiff sustained loss in an amount to be proven at trial, but not to exceed $250,000.

33.

Defendant Sloggett's actions set forth in paragraph 28 above constitute willful and malicious injury to Plaintiff, in violation of 11 U.S.C. § 523(a)(6).

34.

Defendant Sloggett's debt to Plaintiff is exempt from discharge pursuant to 11 USC § 523(a)(6).

///

///

///

///

///

///

///

///

///

///

///

///

Adversary Complaint
Page - 11

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, OR 97213
Tel: 503-548-6330
Fax 503-548-6333

Case 18-03061-pcm    Doc 1    Filed 06/18/18

35.

Defendant Sloggett's actions, as set forth above, were done with malice or a reckless indifference to the harm it caused to Plaintiff, and, as such, an award of $500,000 in punitive damages is warranted.

**WHEREFORE**, Plaintiff prays for judgment as follows:

On its **FIRST, SECOND, AND THIRD CLAIMS FOR RELIEF**:

1. A judgment against Defendant Sloggett in an amount to be determined at trial, but not to exceed $250,000;
2. A judgment against Defendant Sloggett in the amount of $500,000, designated as punitive damages;
3. A determination that Defendant Sloggett's debt to Plaintiff is nondischargeable;
4. Plaintiff's costs and disbursements in this action; and
5. Any other relief this court deems equitable.

DATED: June 18, 2018

/s/Tim L. Eblen
Tim L. Eblen, OSB # 050252
Eblen Freed PC
Attorney for Debtor
1040 NE 44th Ave, Suite 4
Portland, OR 97213
tim@eblenfreed.com
P: 503-548-6330

Adversary Complaint
Page - 12

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, OR 97213
Tel: 503-548-6330
Fax 503-548-6333

Case 18-03061-pcm    Doc 1    Filed 06/18/18

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| In re: | Case No. 18-30865-pcm7 |
|---|---|
| Laurie Lynne Sloggett | Adv. Proc. No. _____ |
| Debtor. | CERTIFICATE OF MAILING |
| Jeffrey S. Mutnick, P.C. | |
| Plaintiff/Creditor, | |
| v. | |
| Laurie Lynne Sloggett | |
| Defendant/Debtor. | |
| Debtor. | |

I hereby certify under penalty of perjury under the laws of the State of Oregon that I mailed a true and correct copy of the COMPLAINT: OBJECTING TO DISCHARGEABILITY OF CERTAIN DEBT postage pre-paid, regular first class mail and via Electronic Message through Electronic Case Filing on the 18th day of June, 2018, to the parties listed below.:

Certificate of Mailing – Exhibit
Page - 13

Eblen Freed LLP
1040 NE 44th Ave. Suite 4
Portland, OR 97213
Tel: 503-548-6330
Fax 503-548-6333

| | |
|---|---|
| 1 | Laurie Lynn Sloggett |
| 2 | c/o Christopher Kane |
| | Christopher J. Kane, PC |
| 3 | 2207 NE Broadway St Ste 100 |
| | Portland, OR 97232 |
| 4 | |

/s/Tim L. Eblen_____
By: Tim L. Eblen, OSB # 050252
Attorney for Debtor

Certificate of Mailing – Exhibit
Page - 14

Eblen Freed LLP
1040 NE 44th Ave. Suite 4
Portland, OR 97213
Tel: 503-548-6330
Fax 503-548-6333

Case 18-03061-pcm    Doc 1    Filed 06/18/18